**Filed 10/12/2007**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| D. LIN NGUYEN,<br><br>                Plaintiff,<br><br>    v.<br><br>PHUC DIN DO,<br><br>                Defendant. | Case Number C 06-05711 JF (PVT)<br><br>ORDER[1] GRANTING SUMMARY JUDGMENT<br><br>[re: docket no. 35] |

## I. BACKGROUND

This is a case involving alleged attorney malpractice. Plaintiff D. Lin Nguyen ("Plaintiff") retained Phuc Dinh Do ("Defendant") on September 29, 1997 to file a Chapter 7 bankruptcy petition on his behalf. The petition was filed in 1998 and received case number 98-52151 MM.

On September 19, 2006. Plaintiff, acting *pro se*, filed the complaint in this action, which consisted of a series of unmarked exhibits preceded by the following:

> "I, D. Lin Nguyen, declare that I personally know the facts recited below and if called as a witness would and could competently testify thereto. I have the Chapter 13 Case # 96-54287JRG. Why didn't you follow the contract that we both signed

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-05711 JF (PVT)
ORDER GRANTING SUMMARY JUDGMENT
(JFLC3)

to help me? Why did I hire you because the Law Office of David A. Boone opened a second Chapter 13 that made me lose my contractor license of Western Roofing Company.

The complaint provides no explanation of the attached documents. Plaintiff subsequently filed a series of letters and documents with the Court which allegedly shows Defendant's actions caused him to lose his house and almost lose his roofing contractor's license.

On September 11, 2007, Defendant filed the instant motion summary judgment. On October 10, 2007, Plaintiff filed a letter with the Court attaching a copy of a notice of intent to levy from the Internal Revenue Service ("IRS") addressed to Plaintiff and dated November 16, 2006. On the same date, Plaintiff filed an additional document entitled "Complaint" which again consisted of a series of unmarked documents preceded by the following statement:

"1.   Wells Fargo Bank did not say about $15,192.00

2.   Reporting wrong my social security number

3.   Wells Fargo Gold MasterCard

4.   Mr. Do said, foreclosure of my house by Wells Fargo Bank

WHEREFORE, Plaintiff prays for judgment against".

Defendant's motion for summary judgment was noticed for hearing on October 12, 2007. Neither party appeared. Accordingly, the Court took the motion under submission without oral argument.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could

2

1 | resolve the material issue in his or her favor. *Anderson*, 477 U.S. 242, 248-49; *Barlow v. Ground*,
2 | 943 F.2d 1132, 1134-36 (9th Cir. 1991).
3 |     "When the nonmoving party has the burden of proof at trial, the moving party need only
4 | point out 'that there is an absence of evidence to support the nonmoving party's case.'"
5 | *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).
6 | Once the moving party meets this burden, the nonmoving party may not rest upon mere
7 | allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine
8 | issue for trial. *Id*.

## II. DISCUSSION

Defendant argues that the instant action is barred by the statute of limitations because Plaintiff has not alleged any facts or omissions occurring within the relevant time period.

Plaintiff's letter of October 10, 2007 does not address Defendant's argument that Plaintiff's claims are barred by the statute of limitations. Rather the letter states that "a lawyer who dresses expensively, act pompously, and doesn't follow the law" should be sanctioned. Plaintiff attaches to this letter a copy of a notice of intent to levy from the Internal Revenue Service ("IRS") addressed to Plaintiff dated November 16, 2006. Plaintiff does not offer any explanation of the attached document. Additionally, the document titled "Complaint" does not provide any explanation as to how the attached documents support Plaintiff's case.

California Code of Civil Procedure 340.6 provides that:

> (a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist:
>
> (1) The plaintiff has not sustained actual injury;
>
> (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred;

3

Case No. C 06-05711 JF (PVT)
ORDER GRANTING SUMMARY JUDGMENT
(JFLC3)

(3) The attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney, except that this subdivision shall toll only the four-year limitation; and

(4) The plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action.

(b) In an action based upon an instrument in writing, the effective date of which depends upon some act or event of the future, the period of limitations provided for by this section shall commence to run upon the occurrence of such act or event.

Defendant asserts that his representation of Plaintiff ended by 1998. Plaintiff has not alleged any additional cognizable facts to dispute this assertion. Accordingly, the motion for summary judgment will be granted.

### III. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED. The Clerk shall enter judgment and close the file.

DATED: October 12, 2007

_____
JEREMY FOGEL
United States District Judge

4

Case No. C 06-05711 JF (PVT)
ORDER GRANTING SUMMARY JUDGMENT
(JFLC3)

1  Copies of Order mailed to:

2  D. Lin Nguyen
   2174 Diana Place
3  San Jose, CA 95116

4  Phuc Dinh Do phucdinhdo@gmail.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. C 06-05711 JF (PVT)
ORDER GRANTING SUMMARY JUDGMENT
(JFLC3)